UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNATHAN MCFARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV621 CDP |
| | ) | |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Johnathan McFarland is a former employee of the defendant, United Parcel Service. McFarland filed a pro se complaint alleging violation of the Civil Rights Act of 1964 and the Labor Management Relations Act. McFarland's complaint did not clearly state the grounds for his claim. However, McFarland made reference to his former employer's "negligence" and his suffering "mental torture, depression, and some other physical ailments."

UPS moved to dismiss McFarland's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. McFarland replied to UPS's motion by setting out more specific allegations relating to his wrongful termination. Specifically, McFarland's response alleges that he received fewer hours of work and was forced off the clock, in violation of his union's collective bargaining agreement. McFarland claims that, even though he had more seniority than other dock

workers, he was sent home while other less-senior workers continued on the clock. McFarland's response also makes reference to the National Labor Relations Act. Although it is still unclear exactly what specific provision of law McFarland claims was violated, I will treat his claim as one to enforce his union's collective bargaining agreement under § 301 of the LMRA. A "hybrid suit" under § 301 implicates the interrelationship among a union member, his union, and his employer. *Garrish v. Intl' Union United Auto., Aerospace and Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005). The Supreme Court has noted that a § 301 suit asserts two causes of action – one against the employer for breach of the collective bargaining agreement, and the other against the union alleging breach of the duty of fair representation. *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 163-65 (1983). This action is implied under the National Labor Relations Act. *Id*.

In a case such as McFarland's, the plaintiff is required to exhaust internal union remedies before filing suit in court. McFarland does not mention his union in his complaint, except to say that his employer's practices violate union policies. McFarland must demonstrate that he followed the grievance procedure in place with his union before he can bring suit here. *See Carter v. Ford Motor Co.*, 121 F.3d 1146 (8th Cir. 1997). Under the LMRA and the NLRA, McFarland has the option of suing his employer or his union or both for failure to honor the collective

bargaining agreement, but he must first follow internal procedures. *DelCostello*, 462 U.S. at 163-64. Because McFarland's complaint fails to allege that he exhausted his union remedies before filing suit, his case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#8] is GRANTED. A separate order of dismissal is entered this same day.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#4] is DENIED AS MOOT.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2008.